IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA-QUN RASHEED WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-770 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| LOUIS FOLINO; TRACY SHAWLEY; | ) | |
| PAUL PALYA; LT. SHRADER; D.S.F.M. | ) | |
| GILLMORE; C/O SUMEY; C/O | ) | |
| BLANCHER; C/O SMITH *All Sued in* | ) | |
| *Their Individual Capacities*; RN NEDRO | ) | Re: ECF No. 18 |
| GREGO *and* IRMA *All sued in Their* | ) | |
| *Individual Capacities,* | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Plaintiff, La-Qun Rasheed Williams, is an inmate in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional Institution at Greene ("SCI Greene"). Proceeding *pro se*, Plaintiff has presented a complaint alleging civil rights claims as well as state law negligence claims stemming from incidents occurring at SCI Greene.

Presently before this Court is Plaintiff's Motion for Temporary Restraining Order.[1] ECF No. 18. Plaintiff asks the Court to issue an order directing that Defendant Tracy Shawley and five other non-party individuals and "their officers, agents, employees and all persons acting in concert or participation with them," stop handling Plaintiff's personal mail and grievances, stop changing Plaintiff's cell location to avoid delays in mail and grievance delivery and stop throwing away Plaintiff's grievance responses and personal mail. Id. at 1.

---

[1] Because the Court did not issue a temporary restraining order prior to notifying Defendants of Plaintiff's request for preliminary injunctive relief, Plaintiff's request is properly construed as a motion for preliminary injunction. See Fed. R. Civ. P. 65(b).

Inmate *pro se* pleadings which seek extraordinary or emergency relief, in the form of preliminary injunctions and/or temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards.[2] Four factors govern a district court's decision whether to issue a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, review of the Plaintiff's various motions leads the Court to conclude that Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary form of relief. As an initial matter, Plaintiff has not yet met his threshold obligation of showing reasonable likelihood on the merits. In addition, Plaintiff has not made a showing of immediate irreparable harm justifying a preliminary injunction. Attached to Defendants' Brief in Opposition to Motion for Temporary Restraining Order is a Declaration from Defendant Tracy Shawley setting forth the current status of Plaintiff's grievances, which does not reveal any irregularities. To the extent Plaintiff seeks an order relative to mail and grievance procedures and facility placement, Plaintiff has not established the necessity for the federal court to

---

[2] Because the standards for the grant of a preliminary injunction and a temporary restraining order are the same, the court's analysis applies equally to either a temporary restraining order or a preliminary injunction. Citibank v. Kyle, 2015 WL 3755788, *2 (E.D. Pa. June 16, 2015).

intervene and render an ad hoc individual decision which could adversely affect the Defendants' and the public's interest in penological order. Accordingly, the Motion is denied.

AND NOW, this 3rd day of August, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order, ECF No. 18, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
Chief United States Magistrate Judge

cc: La-Qun Rasheed Williams
DG-2056
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record Via CM-ECF