IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA-QUN RASHEED WILLIAMS,<br>       Plaintiff, | |
| vs. | Civil Action No. 14-770<br>Chief Magistrate Judge Maureen P. Kelly |
| LOUIS FOLINO; TRACY SHAWLEY;<br>PAUL PALYA; LT. SHRADER; D.S.F.M.<br>GILLMORE; C/O SUMEY; C/O<br>BLANCHER; C/O SMITH *All Sued in*<br>*Their Individual Capacities*; RN NEDRO<br>GREGO *and* IRMA *All sued in Their*<br>*Individual Capacities*,<br>       Defendants. | Re: ECF No. 24 |

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion for Recusal, ECF No. 24, in which he seeks the recusal of the undersigned.

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is objective and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." <u>In re Kensington Int'l Ltd.</u>, 368 F.3d 289, 296 (3d Cir. 2004). The bias required before recusal is warranted must involve an extrajudicial factor. <u>Selkridge v. United of Omaha Life Ins. Co.</u>, 360 F.3d 155, 167 (3d Cir. 2004). Moreover, the United States Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate

basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007).

Here, to support his request that the undersigned should recuse herself, Plaintiff complains that the denial of his Motion for a Temporary Restraining Order (ECF Nos. 18 and 22) indicates the Court's refusal to entertain Plaintiff's substantive complaints and a rejection of his claims in whole, requiring him to file another lawsuit to obtain redress for his injury.

Plaintiff does not allege the existence of any extrajudicial factor or anything that would lead a reasonable person with knowledge of all the facts to conclude that the undersigned would act in a partial manner or that would lead one to conclude that there exists personal bias or prejudice. To the contrary, Plaintiff's request for recusal appears to be an attempt to circumvent anticipated adverse judicial rulings. Because Plaintiff cites only his displeasure with the Court's ruling, recusal is not warranted. Securacomm Consulting, Inc., 224 F.3d at 278.

Accordingly, the appropriate Order follows:

**IT IS ORDERED** this 24th day of August, 2015, that the Motion for Recusal, ECF No. 24, is **DENIED.**

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
Chief United States Magistrate Judge

cc: La-Qun Rasheed Williams
DG-2056
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record Via CM-ECF