IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA-QUN RASHEED WILLIAMS,<br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>LOUIS FOLINO; TRACY SHAWLEY;<br>PAUL PALYA; LT. WILLIAM<br>SHRADER;<br>D.S.F.M. GILLMORE:<br>C/O SUMEY; C/O BLANCHER:<br>C/O SMITH *All Sued in*<br>*Their Individual Capacities*; RN NEDRO<br>GREGO *and*  IRMA *All sued in Their*<br>*Individual Capacities,*<br>　　　　　　　Defendants. | Civil Action No. 14-770<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 27 |

## **OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff, La-qun Rasheed Williams, a prisoner incarcerated at the State Correctional Institution in Greene County, Pennsylvania ("SCI Greene"), instituted this action asserting civil rights violations and negligence claims against employees of SCI Greene.[1]  ECF No. 1-2. Presently before the Court is a Motion for Summary Judgment filed by Defendants Superintendent Louis Folino, Grievance Coordinator Tracy Shawley, Unit Manager Paul Palya, Lieutenant William Shrader, Deputy Superintendent Gilmore, Corrections Officer Sumey, Corrections Officer Blancher, Corrections Officer Smith, Registered Nurse Supervisor Nedra Grego, and CHCA Irma Vihlidal (identified by Plaintiff as "Irma")(collectively, "Defendants"). ECF No. 27.

---

[1] At times relevant to the instant lawsuit, Plaintiff was housed in the Restricted Housing Unit ("RHU") at SCI Greene.  ECF No. 29 ¶ 47; ECF No. 41 ¶ 47.

For the following reasons, Defendants' Motion for Summary Judgment will be granted as to Plaintiff's federal claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case was removed to this Court from the Court of Common Pleas of Greene County on June 17, 2014. ECF No. 1. Following the March 13, 2015, Opinion and Order of this Court, ECF No. 13, which granted in part and denied in part a Motion to Dismiss filed by Defendants, ECF No. 6, the sole claims remaining in this case are as follows: (1) denial of medical care in violation of the Eighth Amendment; (2) retaliation in violation of the First Amendment; and (3) negligence in violation of Pennsylvania state law.

Defendants filed the instant Motion for Summary Judgment, Brief and supporting documents on September 4, 2015. ECF Nos. 27-30. Plaintiff filed his Response in Opposition, Brief and supporting documents on October 6, 2015. ECF Nos. 39-41. The Motion is ripe for review.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the

court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

## III. DISCUSSION

### A. Denial of Medical Care

A refusal to provide medical care to a prisoner violates the Eighth Amendment's prohibition of "cruel and unusual punishment." U.S. Const. amend. VIII. "Regardless of how evidenced," whether "manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). "The Estelle standard requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-236 (3d Cir. 2004). The Estelle standard is met when: (1) a doctor is "intentionally inflicting pain on [a] prisoner;" (2) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury;" or (3) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care." Id. at 235.

In the instant case, Plaintiff alleges that various officials at SCI Greene refused to provide him with necessary medical care with regard to his seizure disorder, even after he repeatedly reported that he suffered two seizures in mid-December of 2013. Defendants seek summary judgment on Plaintiff's claim regarding the denial of medical care based upon the assertion that Plaintiff was never denied medical care. ECF No. 28 at 8.

In response to Defendants' Motion for Summary Judgment, and in support of his claim, Plaintiff cites to various types of notifications sent to various prison officials, some in which he described specific seizure events and some in which he described himself as a seizure sufferer with concerns about his safety in his cell. The evidence produced is inadequate. It does not indicate to whom or even whether some of these notices were submitted. Further, Plaintiff is unable to produce some of the cited notices.[2] Finally, the Court notes that one notice was rejected as improperly presented.[3] Based on this Court's review, Plaintiff has presented no evidence of a properly registered complaint with a named defendant in which Plaintiff sought medical treatment for seizures. Accordingly, Plaintiff has failed to prove that Defendants intentionally denied his requests for medical treatment.

Furthermore, Plaintiff's medical records from SCI Greene reveal the following. He was transferred in to SCI Greene on November 21, 2013. ECF No. 40-1 at 12. At that time, Plaintiff's prior history of seizures was noted. Id. Plaintiff was seen by medical personnel at least three times during the time period at issue - on December 16, 2013 (asthma), December 30, 2013 (nausea and diarrhea) and January 2, 2014 (possible food allergy). At no time did Plaintiff complain of seizures to medical personnel during those appointments. ECF No. 40-1 at 14-17.

---

[2] ECF No. 40 at 6.

[3] ECF No. 40-1 at 143-148.

It should be noted that on January 14, 2014, during a visit with medical personnel, Plaintiff cited his history of seizures because he "does not want" to be moved to "upper tier." Id. at 18. He also reported that he was not "on" seizure medication and that he had not suffered any seizure activity for "well over" one year. Id. He was approved for a move to the upper tier. Id. On January 27, 2014, Plaintiff self-reported having a seizure. Id. at 7, 18.

Accordingly, even if Plaintiff had proven the denial of reasonable requests for medical treatment for his seizures, his ongoing medical treatment during the relevant time period shows that any such denial could not have exposed him to undue suffering or the threat of tangible residual injury. Therefore, Defendants are entitled to judgment as a matter of law on this claim.

**B.     Retaliation**

A prisoner-plaintiff making a claim of retaliation under the First Amendment must prove: (1) the conduct which led to the retaliation was constitutionally protected; (2) the plaintiff suffered adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights; and (3) a causal link between the constitutionally protected conduct and the adverse action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001). If the prisoner establishes a prima facie case of retaliation, the burden then shifts to the prison official to show by a preponderance of the evidence that his action would have been the same, even in the absence of protected activity. Id. at 334. Such a showing will defeat the retaliation claim. Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

Here, Plaintiff's claim is based on the following actions taken in response to his filing of grievances: (i) the use of force by Defendant Officer Sumey; (ii) the denial of law library time by Defendants Officers Sumey, Blancher and Smith; and (iii) the issuance of a misconduct violation by Defendant Lieutenant William Shrader. Defendants seek summary judgment on Plaintiff's

claim based upon the assertions that Plaintiff did not suffer the adverse actions of (i) or (ii) and that a finding of Plaintiff's guilt of the misconduct in (iii) precludes a finding of retaliation thereupon. ECF No. 28 at 17-20.

### 1. Force

Plaintiff claims that Defendant Officer Sumey grabbed Plaintiff's arm, pulled him out of his cell and then pushed him toward the shower in an act of retaliation for the filing of a grievance.[4] ECF No. 1-2 ¶ 28. To support his claim, Plaintiff cites to a video of the incident. ECF No. 40-1 at 128 (separate DVD). The video does not provide any evidence supporting Plaintiff's claim of excessive use of force. In fact, the video depicts Plaintiff being led without incident to the shower. Id. Even viewing the video in the light most favorable to Plaintiff, there is a complete failure of proof of any act on the part of Defendant Officer Sumey towards Plaintiff that would deter a person of ordinary firmness from exercising his or her constitutional rights.

### 2. Law Library

Plaintiff claims that Defendants Officers Sumey, Blancher and Smith refused him library time in retaliation for Plaintiff filing an allegation of abuse against Defendant Officer Sumey for the incident on the way to the shower. ECF No. 1-2 ¶¶ 29-30. However, Plaintiff offers no evidence aside from the fact that he filed grievances to support this claim. He fails to establish the number of hours of library time he should have received, how many hours he did receive and the dates of the missing hours.

In their Concise Statement of Undisputed Material Facts, Defendants state that inmates who request use of the law library are given two hours of use per week as a matter of right. ECF

---

[4] Plaintiff does not make clear which specific grievance he alleges to have been the impetus for this retaliation.

No. 29 ¶ 137 (citing ECF No. 30-2 at 29, 36-37).[5]  In Plaintiff's Response to Defendants' Concise Statement of Undisputed Material Facts, Plaintiff denies this fact, claiming that inmates are supposed to receive no less than four hours of library use per week. ECF No. 41 ¶ 137. However, in violation of Local Civil Rule of Court 56(C)(1)(b), Plaintiff fails to provide an appropriate reference to the record to support his denial.

For these reasons, there is a complete failure of proof that Plaintiff was deprived of his allotted library time, and therefore, that he suffered any adverse action at the hands of Defendants Officers Sumey, Blancher and Smith in this respect.

### 3. Misconduct

Plaintiff also claims he was issued a misconduct by Defendant Lieutenant William Shrader as a retaliatory act for filing an allegation of abuse against Defendant Officer Sumey for the incident on the way to the shower. ECF No. 1-2 ¶ 31. It is undisputed that Defendant Shrader did file such a misconduct report against Plaintiff for unauthorized use of the mail or telephone and lying to an employee. ECF No. 29 ¶ 186; ECF No. 41 ¶ 186. It is further undisputed that Plaintiff was found guilty of lying to an employee. ECF No. 29 ¶ 188; ECF No. 41 ¶ 188.

To prove that Defendant Shrader would have filed a misconduct report against Plaintiff, even in absence of Plaintiff's protected conduct, Defendants must show that the misconduct report was for "reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. In the context of false-misconduct allegations, Defendants can make this showing by establishing that a prison hearing officer found Plaintiff guilty of the offense charged and there

---

[5] Defendants also state that Plaintiff was not deprived of his allotted two hours per week of library time except once when he was not permitted to go due to Plaintiff's prohibited covering of his cell wicket and light. ECF No. 29 ¶¶ 141, 145-147. Plaintiff denies these statements, but, as support for his denials, cites to evidence which supports Defendants' statements. ECF No. 41 ¶¶ 141, 145. 147 (citing ECF No. 40-1 at 56-58).

was some evidence to support that finding. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). Here, there is evidence to support the hearing officer's finding, *i.e.*, the video footage. Accordingly, Plaintiff's retaliation claim is defeated.

For the above-stated reasons, Defendants are entitled to judgment as a matter of law on the retaliation claim.

**C.** **Negligence**

Plaintiff's sole remaining claim is a Pennsylvania state law claim of negligence based on the allegation of a breach of a duty of care owed to Plaintiff by Defendants which resulted in Plaintiff being injured when he suffered a seizure in January of 2014 and fell, hitting his head on a swinging cabinet door in his cell. ECF No. 1-2 ¶¶ 42, 51.

Where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted).

In this case, where Plaintiff's federal claims are no longer viable and no extraordinary circumstances warrant the exercise of supplemental jurisdiction over Plaintiff's state law claim, the Court declines to do so. Accordingly, this claim will be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 27, is granted as to Plaintiff's federal claims. An appropriate Order follows.

### ORDER

AND NOW, this 29th day of April, 2016, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, ECF No. 27, is GRANTED as to Plaintiff's Eighth Amendment claim of denial of medical care and First Amendment claim of retaliation. Plaintiff's state law claim of negligence is REMANDED to the Court of Common Pleas of Greene County FORTHWITH.

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 29, 2016

cc: All counsel of record by Notice of Electronic Filing

La-Qun Rasheed Williams
DG-2056
SCI Greene
Waynesburg, PA 15370